UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:   Chapter 13

Hyacinth Joyce Simms,   Case No. 1:15-42960-nhl

        Debtor.
-------------------------------------------------------------X

## STIPULATION AND ORDER TERMINATING THE
## AUTOMATIC STAY AND GRANTING RELATED RELIEFS

Felix Street Holdings, LLC (the "Secured Creditor"), debtor, Hyacinth Simms (the "Debtor") and Norlin Corporation ("Norlin" and together with the Debtor the "Debtor Parties",[1] and together with the Secured Creditor, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation and Order Terminating the Automatic Stay and Granting Related Reliefs (the "Stipulation") dated June 15, 2016, 2016, and (NHL) respectfully represent as follows:

WHEREAS, on December 12, 2006, the Debtor, as Vice President of Norlin Corporation ("Norlin"), executed an Amended and Restated Note (the "Note") in favor of Rossrock Fund II LLP ("Rossrock"), evidencing a loan (the "Loan") in the original principal sum of $1,600,000.00, and, as partial security for the Loan, executed a certain Guaranty of Payment (the "Guaranty") in favor of Rossrock;

WHEREAS, as collateral for the Note, on December 12, 2006, Norlin executed a Mortgage (the "Mortgage" and together with the Note and the Guaranty and all other documents evidencing or relating to the Loan, the "Loan Documents") in favor of Rossrock, which encumbers the real properties commonly known as and located at (i) 36-

---

[1] References to the Debtor shall mean, the Debtor and Norlin.

38 St. Felix Street, Brooklyn New York (Block 2096; Lots 47 & 48) ("St. Felix Street Property") and (ii) 1478 Flatbush Avenue, Brooklyn, New York (Block 5249; Lot 68) ("Flatbush Ave Property" and together with St. Felix Street Property, the "Properties"), which was duly recorded on December 28, 2006, in the City Register's Office of Kings County New York (the "Register") as CRFN 2006000706203; and

WHEREAS, Norlin defaulted under the terms of the Loan Documents by failing to pay the monthly payment due thereunder on or about May 1, 2008 (the "Default") and each and every subsequent payment due each month thereafter; and

WHEREAS, as a result of the Default and Norlin and the Debtor's failure to cure same, on or about December 10, 2008, Rossrock commenced a foreclosure action in the Supreme Court of the State of New York, County of Kings (the "State Court"), styled *Rossrock Fund LP v. Norlin Corporation, et. al.* under Index No.: 33055-08 (the "Foreclosure Action") and, in connection therewith, on or about November 29, 2011, a Judgment of Foreclosure and Sale (the "JFS") was entered in favor of Rossrock entitling it to proceed to a foreclosure sale of the Properties; and

WHEREAS, on or about April 23, 2014, Rossrock assigned all of its right, title and interest in and to the Loan, the Loan Documents and the JFS, to the Secured Creditor as evidenced by, *inter alia*, an Assignment of Mortgage dated November 7, 2014. The Assignment was thereafter corrected by way of a Correction Assignment (the "Assignment") to correct the name of the Secured Creditor, which was recorded on November 24, 2014 in the Register as CRFN 2014000389486; and

WHEREAS, on March 21, 2012 under Case No. 1:12-41997-nhl (the "First Filing"), January 8, 2015 under Case No. 1:15-40066-nhl (the "Second Filing") and on

June 25, 2015 under Case No. 1:15-42960-nhl (the "Instant Filing" and together with the First Filing and the Second Filing, the "Filings"), not fewer than three bankruptcy petitions were either filed by the Debtor or Norlin, and/or caused to be filed by the Debtor on account of Norlin, before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), each of which Filings occurred on the eve of foreclosure sales scheduled by the Secured Creditor, with the Instant Filing being filed by the Debtor; and

WHEREAS, as a result of the Instant Filing, the Secured Creditor moved this Court for the entry of an order pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(4) granting immediate and prospective relief from the automatic stay [ECF No. 14] (the "Motion"); and

WHEREAS, on September 25, 2015, the Debtor retained counsel and filed her Opposition to the Motion [ECF No. 28] (the "Opposition"), and

WHEREAS, after a series of adjournments a hearing on the Motion and the Opposition was held before this Court on April 28, 2016 (the "Hearing"); and

WHEREAS, at the Hearing the Parties agreed to a resolution of the Motion and the Opposition, the terms of which are set forth herein below.

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Parties, which when "*So-Ordered*" by the Bankruptcy Court, shall constitute an Order of the Bankruptcy Court as follows:

1. The forgoing recitals are incorporated by reference herein.

2. The relief sought by the Secured Creditor in connection with the Motion shall be, and is hereby granted to the extent herein (NHL).

3. The Debtor hereby waives all claims and defenses she has, or could have in connection with the Secured Creditor's Motion, and consents to the relief sought therein, including without limitation, relief from the automatic stay imposed in this case pursuant to 11 U.S.C. § 362(a), 1301 or any other section of Title 11 of the United States Code (the "Bankruptcy Code") which automatic stay shall be, and is hereby terminated pursuant to 11 U.S.C. §§ 362(d)(1) to permit the Secured Creditor, its successors and/or assigns, to exercise all rights available to it under applicable law with respect to the Properties, and to permit the Secured Creditor, its successors and/or assigns, to take any other legal action necessary to enforce its rights in connection with the underlying Loan and Loan Documents as referenced in the Motion, whether at law or in equity, including, but not limited to commencing or completing any proceedings to dispossess the Debtor and/or Norlin from the Properties if necessary.

4. The Secured Creditor, its successors and/or assigns, may immediately take any and all legal action available to it under applicable law with respect to the Properties, provided, however, that the Secured Creditor shall refrain from conducting a sale as permitted pursuant to the JFS until forty-five (45) days after entry of this Stipulation and Order.

5. The Secured Creditor shall provide the Debtor with a statement setting forth the sum necessary to pay the Loan in full (the "Payoff" and the amount set forth therein being the "Payment Amount") within three (3) business days of the execution of this Stipulation and Order.

6. The Debtor is entitled, at its option, to satisfy the Payoff Amount by full performance of one of the mechanisms set forth below:

a. <u>Option 1</u>. Pay the Secured Creditor the Payoff Amount by or before the forty-fifth (45) day after entry of this Stipulation and Order at 5:00 p.m. EST (the "<u>Payoff Deadline</u>"), time being of the essence as to the Debtor's performance on said date; or

b. <u>Option 2</u>. Pay the Secured Creditor the sum of Three Million Nine-Hundred Three Thousand, Nine Hundred and no/100 ($3,903,900.00) Dollars (the "<u>Short Payoff Amount</u>") by or before July 15, 2016 at 5:00 p.m. EST (the "<u>Short Payoff Deadline</u>"), time being of the essence as to the Debtor's performance on said date; or

c. <u>Option 3</u>.

   (i) (x) Sell the St. Felix Street Property and pay the Secured Creditor, net proceeds therefrom, an amount equal to not less than Three Million Four-Hundred Thousand and no/100 ($3,400,000.00) Dollars (the actual amount to paid to the Secured Creditor being referred to hereinafter as the "<u>St. Felix Street Payment</u>") by or before the Short Payoff Deadline, or (y) refinance St. Felix Street Property and pay the Secured Creditor an amount equal to not less than Three Million Four-Hundred Thousand and no/100 ($3,400,000.00) Dollars, the time being of the essence as to the Debtor's performance on said date under scenarios (x) and (y), and, thereafter,

(ii) Pay the Secured Creditor, no later than the Forbearance Payment Deadline" (as such term is defined below), the amount that is equal to: (x) the Short Payoff Amount, less (y) the St. Felix Street Payment (such sum being referred to hereinafter as the "Debt Balance"), together with interest thereon at the rate of Ten Percent (10.00%) per annum (the "Interest Rate"), which interest shall be calculated, at the Interest Rate, on the Debt Balance, from the day following Secured Creditor's receipt of the Short Payoff Amount through and including June 27, 2018 (such interest being referred to as the "Debt Balance Interest"). The Debt Balance Interest shall accrue and be payable, together with the Debt Balance (collectively, the "Debt Balance and Accrued Interest"), on June 27, 2018 (such date being referred to as the "Forbearance Payment Deadline"), time being of the essence as to the Debtor's performance on said date. The Debt Balance may be prepayable, at any time, in whole only, prior to the Forbearance Payment Deadline, without penalty, provided that such prepayment of the Debt Balance is accompanied by a sum of money equal to the interest due on the Debt Balance, as computed from the day following Secured Creditor's receipt of the Short Payoff Amount

through and including the date of such prepayment, at the Interest Rate.

(iii) The terms for the payment of the Debt Balance and Accrued Interest shall be set forth in the written agreement (the "Forbearance Stipulation") executed by the Debtor and Norlin, which Forbearance Stipulation also provides for the amendment of the JFS by a consent JFS (the "Consent JFS"), such that the Consent Judgment shall modify the JFS, so as to, (a) reduce the principal amount which the Secured Creditor is otherwise entitled to recover pursuant to the JFS from $2,753,834.35 to the amount of the Debt Balance and Accrued Interest, together with interest on the Debt Balance at the Interest Rate (exclusive of all other sums due or to become due the Secured Creditor (as assignee of Rossrock Fund II LP) under the provisions of the JFS, such as any advances made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises and applicable interest thereon from the date of entry of this *So Ordered* Stipulation, lender's attorneys' fees of $18,478.17, together with the statutory fees and commissions of the Referee, the expenses of the foreclosure sale, including the cost of advertising, and

taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, together with such interest or penalties accrued thereon to the date of payment, and (b) direct the sale of the Flatbush Ave Property only, and (c) but otherwise be in the same form as the JFS.

(iv) The Forbearance Stipulation and the Consent JFS shall be executed by Debtor, Norlin and their counsel within three (3) days of delivery by Secured Creditor's attorneys, and shall be held in escrow by the Secured Creditor's attorneys. In the event that Debtor pays the St. Felix Street Payment to the Secured Creditor on or before the Short Payoff Deadline in strict accordance with the provisions of Paragraph 6(c)(i) of this Stipulation, then the Secured Creditor's attorneys shall submit the Forbearance Stipulation and Consent JFS to the State Court to be ordered/signed and entered; *provided, however*, that if the St. Felix Street Payment is not paid to Secured Creditor on or before the Short Payoff Deadline in strict accordance with the provisions of Paragraph 6(c)(i) of this Stipulation, then the Forbearance Stipulation and proposed Consent JFS is null, void, and of no force or

effect, and Secured Creditor shall destroy the same, as if such documents and the provisions therein never existed, and Secured Creditor may proceed to a foreclosure sale of the Debtor's Properties on the forty-sixth (46) day after entry of this Stipulation and Order, or such date thereafter as may be practicable, without any further notice to the Debtor and/or Norlin or this Court. The Forbearance Stipulation shall further provide that, in the event that Debtor or Norlin fails to pay the Debt Balance and Accrued Interest by or before the Forbearance Payment Deadline, Secured Creditor may proceed to a foreclosure sale of the Flatbush Ave Property immediately thereafter, without any further notice to the Debtor and/or Norlin or this Court

7. Notwithstanding anything to the contrary herein, in the event that the Secured Creditor does not receive full payment of: (a) the Short Payoff Amount by or before the Short Payoff Deadline, or (b) the Payoff Amount by or before the Payoff Deadline, time being of the essence as to the Debtor's performance on said date, then, in either such case, the Secured Creditor may proceed to a foreclosure sale of the Debtor's Properties on the forty-sixth (46) day after entry of this Stipulation and Order, or such date thereafter as may be practicable, without any further notice to the Debtor and/or Norlin or this Court, unless the Debtor pays Secured Creditor the St. Felix Street Payment on or

before the Short Payoff Deadline, time being of the essence as to the Debtor's performance on said date.

8. Nothing contained in this Stipulation extinguishes or vitiates the Debtor's existing right of redemption with respect to the St. Felix Street Property and the Flatbush Ave Property under New York law.

9. In accordance with 11 U.S.C. § 362(d)(4), upon this Order being recorded in compliance with applicable state laws governing notices of interests or liens in real property the Secured Creditor's entitlement to relief from the automatic stay shall be binding in any future bankruptcy filing affecting the Properties for a period of two (2) years after the date of the entry of this Order.

10. Any federal, state municipality, county and local governmental agency or department, including without limitation, the Kings County Clerk's Office, and any applicable Register's Office in the State of New York, shall record this Order in the land records, as necessary or appropriate to effectuate the intent of this Order.

11. The Debtor further waives of any stay imposed by the Federal Rules of Bankruptcy Procedure, including without limitation, Fed. R. Bankr. P. 4001(a)(3), and upon the entry of this Stipulation and Order, the Secured Creditor may proceed to schedule a sale pursuant to, and in accordance with the JFS, subject to paragraphs 4, 5 and 6 above.

12. As additional consideration for entering into this Stipulation, the Debtor immediately releases the Secured Creditor from any and all claims with respect to the Loan, the Loan Documents or the Properties, which they presently have, ever had or will have against the Secured Creditor, including, without limitation, the Secured Creditor's directors, officers, shareholders, members, managers, partners, agents, employees,

representatives, attorneys and other professionals, subsidiaries, predecessors and affiliates, and any successor in interest in any of them.

13.     As additional consideration for entering into this Stipulation, the Debtor and Norlin (i) affirm (a) the JFS and (b) the full amount of the Secured Creditor's Claim, and (ii) expressly consent to the Secured Creditor's conducting of a foreclosure sale on a date that is subsequent to the Payoff Deadline, and (iii) agree not to seek a stay thereof, or take any other actions to impede the Secured Creditor's ability to conduct a foreclosure sale in accordance with the JFS.

14.     The Debtor hereby withdraws her Opposition to the Motion with prejudice.

15.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation and Order.

16.     This Stipulation may be executed in one or more counterparts and by facsimile or e-mail, all of which shall be considered one and the same agreement, and shall become effective upon Bankruptcy Court approval. The undersigned hereby certify that they are duly authorized to execute this Stipulated Order, and agree on behalf of their respective clients to the form substance and entry of this Stipulated Order.

17.     In the event that any part or provision of this Stipulation is determined to be void or unenforceable to any extent, such part or provision shall be deemed severable and the remainder shall be fully enforced. The undersigned parties represent and warrant that they have read and understand this Stipulation, and have had the opportunity to seek legal counsel, as they are voluntarily entering into this Stipulation, with full right, power and authority to enter into and sign this Stipulation and release provisions.

STIPULATED AND AGREED:

Dated:  Brooklyn, New York
      June 15, 2016

| Kriss & Feuerstein, LLP | Lester & Associates, P.C. |
|---|---|
| *Attorneys for Felix Street Holdings, LLC* | *Attorneys for the Debtor & Norlin Corporation* |

By: *s/ Jason S. Leibowitz*          By: *Roy J. Lester*
    Kenneth P. Horowitz, Esq.       Roy J. Lester, Esq.
    Jason S. Leibowitz, Esq.         600 Old Country Road, Suite 229
    360 Lexington Avenue, Suite 1200  Garden City, New York 11530
    New York, New York  10017      (516) 357-9191
    (212) 661-2900                   (516) 357-9281- facsimile
    (212) 661-9397 - facsimile         pkamran@rlesterlaw.com
    khorowitz@kandfllp.com
    jleibowitz@kandfllp.com

| Hyacinth Simms | Norlin Corporation |
|---|---|
| *Debtor* | *Co-Obligor and Releasor* |

By: *s/ Hyacinth Simms*          By: *s/ Hyacinth Simms*
    Hyacinth Simms                   Hyacinth Simms

SO ORDERED



**Dated: June 25, 2016**                          **Nancy Hershey Lord**
       **Brooklyn, New York**                   **United States Bankruptcy Judge**